# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 15, 2013

No. 12-10881
Summary Calendar

Lyle W. Cayce
Clerk

RICKY MEALS,

Plaintiff-Appellant

v.

HALE COUNTY SHERIFF'S OFFICE; SERGEANT NFN CRUZ, Sergeant; C SHIFT BOOKIN OFFICES; JULIE KELLY, Sheriff Deputy; FRANKIE WATSON, Sheriff Deputy; JOHN PHILLIPS, Sheriff Deputy; DAVID MULL, Sheriff Hale County,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:10-CV-45

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Ricky Meals, Texas prisoner #61618616, moves for leave to proceed *in forma pauperis* ("IFP") on appeal. He seeks to appeal from the denial of his motion for relief from judgment based on newly discovered evidence pursuant to Rule 60(b)(2) of the Federal Rules of Civil Procedure. The magistrate judge who

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

denied the Rule 60(b) motion certified that Meals's appeal was not taken in good faith and denied him leave to proceed IFP on appeal.

When a district court certifies that an appeal is frivolous and is not taken in good faith under 28 U.S.C. § 1915(a)(3) and Rule 24(a)(3) of the Federal Rules of Appellate Procedure, a litigant may either pay the filing fee or challenge the district court's certification decision by filing a motion for leave to proceed IFP in this court. *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). If the court upholds the district court's certification that the appeal is not taken in good faith and the litigant persists in the appeal, he must pay the appellate filing fee or the appeal will be dismissed for want of prosecution. *Id.* The court's inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). If the appeal is frivolous, this court may dismiss it *sua sponte*. *Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

First, Meals argues that the magistrate judge erred by construing the objection filed after the dismissal of his 42 U.S.C. § 1983 complaint as a postjudgment motion instead of a notice of appeal. According to Meals, as a notice of appeal, this pleading would have been timely. Meals essentially seeks an out-of-time rehearing of this court's opinion dismissing his appeal based on his untimely notice of appeal. *See* FED. R. APP. 40(a)(1).

Next, Meals argues that officials at the Hale County, Texas, Jail violated Section 291.1 of the Texas Administrative Code and the Due Process Clause by denying him a phone call after he was arrested. Meals does not argue that the magistrate judge erred by finding that his ostensible Rule 60(b)(2) motion was not based on the discovery of any new evidence. Nor does he argue that the magistrate judge erred by finding that he was attempting to use his Rule 60(b) motion as a substitute for an appeal. Because Meals has failed to brief these issues, we need not address them. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Because the magistrate judge

denied the Rule 60(b) motion for reasons Meals does not brief, his failure to brief is dispositive of his IFP motion and his appeal.

The magistrate judge's previous dismissal of Meals's 42 U.S.C. § 1983 complaint and our dismissal of his appeal as frivolous count as two strikes for purposes of 28 U.S.C. § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996).  Meals is warned that if he accumulates three strikes, he will not be allowed to bring a civil action or appeal a judgment *in forma pauperis* while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

IFP DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.